CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Sehan Los Angeles, LLC**, a California Limited Liability Company; **Jacob Yoonsup Hwang**; and Does 1-10, | |
| Defendants. | |

Plaintiff Orlando Garcia complains of Sehan Los Angeles, LLC, a California Limited Liability Company; Jacob Yoonsup Hwang; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He also suffers from Cerebral Palsy. He has manual dexterity issues. He uses a wheelchair for mobility.

2.  Defendant Sehan Los Angeles, LLC owned the real property located at or about 3573 W 3rd St, Los Angeles, California, in August 2020.

1

Complaint

1    3.   Defendant Sehan Los Angeles, LLC owns the real property located at or

2    about 3573 W 3rd St, Los Angeles, California, currently.

3    4.   Defendant Jacob Yoonsup Hwang owned Ship 4U Express located at or

4    about 3573 W 3rd St, Los Angeles, California, in August 2020.

5    5.   Defendant Jacob Yoonsup Hwang owns Ship 4U Express located at or

6    about 3573 W 3rd St, Los Angeles, California, currently.

7    6.   Plaintiff does not know the true names of Defendants, their business

8    capacities, their ownership connection to the property and business, or their

9    relative responsibilities in causing the access violations herein complained of,

10   and alleges a joint venture and common enterprise by all such Defendants.

11   Plaintiff is informed and believes that each of the Defendants herein,

12   including Does 1 through 10, inclusive, is responsible in some capacity for the

13   events herein alleged, or is a necessary party for obtaining appropriate relief.

14   Plaintiff will seek leave to amend when the true names, capacities,

15   connections, and responsibilities of the Defendants and Does 1 through 10,

16   inclusive, are ascertained.

17

18   **JURISDICTION & VENUE:**

19   7.   The Court has subject matter jurisdiction over the action pursuant to 28

20   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

21   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

22   8.   Pursuant to supplemental jurisdiction, an attendant and related cause

23   of action, arising from the same nucleus of operative facts and arising out of

24   the same transactions, is also brought under California's Unruh Civil Rights

25   Act, which act expressly incorporates the Americans with Disabilities Act.

26   9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

27   founded on the fact that the real property which is the subject of this action is

28   located in this district and that Plaintiff's cause of action arose in this district.

Complaint

1

2

3      **FACTUAL ALLEGATIONS:**

4      10. Plaintiff went to Ship 4U Express in August 2020 with the intention to

5      avail himself of its services and to assess the business for compliance with the

6      disability access laws.

7      11. Ship 4U Express is a facility open to the public, a place of public

8      accommodation, and a business establishment.

9      12. Unfortunately, on the date of the plaintiff's visit, the defendants failed

10     to provide wheelchair accessible paths of travel in conformance with the ADA

11     Standards as it relates to wheelchair users like the plaintiff.

12     13. Ship 4U Express provides paths of travel to its customers but fails to

13     provide any wheelchair accessible paths of travel.

14     14. A couple of problems that plaintiff encountered is that the ramp that

15     runs up to the entrance did not have a level landing. What is more, the ramp

16     had a slope that was too steep for plaintiff.

17     15. Plaintiff believes that there are other features of the paths of travel that

18     likely fail to comply with the ADA Standards and seeks to have fully compliant

19     paths of travel available for wheelchair users.

20     16. On information and belief, the defendants currently fail to provide

21     wheelchair accessible paths of travel.

22     17. Additionally, on the date of the plaintiff's visit, the defendants failed to

23     provide wheelchair accessible parking in conformance with the ADA

24     Standards as it relates to wheelchair users like the plaintiff.

25     18. Ship 4U Express provides parking to its customers but fails to provide

26     any wheelchair accessible parking.

27     19. A couple of problems that plaintiff encountered is that there were no

28     van-accessible parking spaces and there were slopes that exceeded 2.1% in

Complaint

1    the parking space marked and reserved for persons with disabilities.

2        20. Plaintiff believes that there are other features of the parking that likely

3    fail to comply with the ADA Standards and seeks to have fully compliant

4    parking available for wheelchair users.

5        21. On information and belief, the defendants currently fail to provide

6    wheelchair accessible parking.

7        22. These barriers relate to and impact the plaintiff's disability. Plaintiff

8    personally encountered these barriers.

9        23. As a wheelchair user, the plaintiff benefits from and is entitled to use

10   wheelchair accessible facilities. By failing to provide accessible facilities, the

11   defendants denied the plaintiff full and equal access.

12       24. The failure to provide accessible facilities created difficulty and

13   discomfort for the Plaintiff.

14       25. Even though the plaintiff did not confront the barrier, the sales counter

15   is too high and there is no lowered portion of the sales counter suitable for

16   wheelchair users. Plaintiff seeks to have this barrier removed as it relates to

17   and impacts his disability.

18       26. The defendants have failed to maintain in working and useable

19   conditions those features required to provide ready access to persons with

20   disabilities.

21       27. The barriers identified above are easily removed without much

22   difficulty or expense. They are the types of barriers identified by the

23   Department of Justice as presumably readily achievable to remove and, in fact,

24   these barriers are readily achievable to remove. Moreover, there are numerous

25   alternative accommodations that could be made to provide a greater level of

26   access if complete removal were not achievable.

27       28. Plaintiff will return to Ship 4U Express to avail himself of its services and

28   to determine compliance with the disability access laws once it is represented

Complaint

1   to him that Ship 4U Express and its facilities are accessible. Plaintiff is
2   currently deterred from doing so because of his knowledge of the existing
3   barriers and his uncertainty about the existence of yet other barriers on the
4   site. If the barriers are not removed, the plaintiff will face unlawful and
5   discriminatory barriers again.

6       29. Given the obvious and blatant nature of the barriers and violations
7   alleged herein, the plaintiff alleges, on information and belief, that there are
8   other violations and barriers on the site that relate to his disability. Plaintiff will
9   amend the complaint, to provide proper notice regarding the scope of this
10  lawsuit, once he conducts a site inspection. However, please be on notice that
11  the plaintiff seeks to have all barriers related to his disability remedied. See
12  *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
13  encounters one barrier at a site, he can sue to have all barriers that relate to his
14  disability removed regardless of whether he personally encountered them).

15

16  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
17  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
18  Defendants.) (42 U.S.C. section 12101, et seq.)

19      30. Plaintiff re-pleads and incorporates by reference, as if fully set forth
20  again herein, the allegations contained in all prior paragraphs of this
21  complaint.

22      31. Under the ADA, it is an act of discrimination to fail to ensure that the
23  privileges, advantages, accommodations, facilities, goods and services of any
24  place of public accommodation is offered on a full and equal basis by anyone
25  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.
26  § 12182(a). Discrimination is defined, inter alia, as follows:

27          a.  A failure to make reasonable modifications in policies, practices,
28              or procedures, when such modifications are necessary to afford

5

Complaint

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

32. When a business provides paths of travel, it must provide accessible paths of travel.

33. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

34. When a business provides parking for its customers, it must provide accessible parking.

35. Here, accessible parking has not been provided in conformance with the ADA Standards.

36. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

37. Here, accessible sales or transaction counters have not been provided in conformance with the ADA Standards.

38. The Safe Harbor provisions of the 2010 Standards are not applicable

6

Complaint

1    here because the conditions challenged in this lawsuit do not comply with the

2    1991 Standards.

3        39. A public accommodation must maintain in operable working condition

4    those features of its facilities and equipment that are required to be readily

5    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

6        40. Here, the failure to ensure that the accessible facilities were available

7    and ready to be used by the plaintiff is a violation of the law.

8

9    **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

10   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

11   Code § 51-53.)

12       41. Plaintiff repleads and incorporates by reference, as if fully set forth

13   again herein, the allegations contained in all prior paragraphs of this

14   complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

15   that persons with disabilities are entitled to full and equal accommodations,

16   advantages, facilities, privileges, or services in all business establishment of

17   every kind whatsoever within the jurisdiction of the State of California.  Cal.

18   Civ. Code §51(b).

19       42. The Unruh Act provides that a violation of the ADA is a violation of the

20   Unruh Act.  Cal. Civ. Code, § 51(f).

21       43. Defendants' acts and omissions, as herein alleged, have violated the

22   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

23   rights to full and equal use of the accommodations, advantages, facilities,

24   privileges, or services offered.

25       44. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

26   discomfort or embarrassment for the plaintiff, the defendants are also each

27   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

28   (c).

Complaint

1

2      **PRAYER**:

3          Wherefore, Plaintiff prays that this Court award damages and provide

4    relief as follows:

5          1. For injunctive relief, compelling Defendants to comply with the

6    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

7    plaintiff is not invoking section 55 of the California Civil Code and is not

8    seeking injunctive relief under the Disabled Persons Act at all.

9          2. Damages under the Unruh Civil Rights Act, which provides for actual

10   damages and a statutory minimum of $4,000 for each offense.

11         3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

12   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

13

14   Dated: August 31, 2020              CENTER FOR DISABILITY ACCESS

15

16                         By:

17                                        _____

18                                        Russell Handy, Esq.
                                          Attorney for plaintiff
19

20

21

22

23

24

25

26

27

28

Complaint